IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LOUISE PARTEN,**

      **Plaintiff,**

vs.                                                      **No. CIV 09-355 WDS**

**MICHAEL J. ASTRUE, Commissioner**
of the Social Security Administration,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Docs. 15, 16], Defendant's Response [Doc. 17], Plaintiff's Reply [Doc. 20], the administrative record and applicable law, the Court finds that Plaintiff's Motion is well taken and it will be granted and that this matter will be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### Background

Plaintiff was born on March 29, 1956, and has past relevant work experience as a waitress/server**.** Tr. 33, 458-459. The date Plaintiff last met the insured status required to qualify for disability benefits was March 31, 2002. Tr. 34. Plaintiff applied for benefits on January 9, 2003. Tr. 102. She alleged that she became disabled as of July 23, 1997, *id.,* but later amended the alleged onset date to July 1, 2001. Tr. 509. Plaintiff alleged that she was disabled as a result of degenerative disc disease and degenerative joint disease of the lumbar spine, chronic low back pain, carpal tunnel

syndrome, and depression. Tr. 27. Plaintiff's application was denied at the initial level on March 31, 2003, Tr. 68, and at the reconsideration level on June 19, 2003. Tr. 74. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on July 8, 2003. Tr. 78-79.

A hearing was held on February 1, 2004 before ALJ William F. Nail, who heard testimony from Plaintiff and a Vocational Expert ("VE"). Tr. 362-399. The ALJ entered a decision finding Plaintiff not disabled. Tr. 59. On June 28, 2004, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 87. On September 17, 2005, the Appeals Council entered an order remanding the case to an ALJ for further proceedings to include further evaluation of the claimant's maximum residual functional capacity ("RFC") for the period prior to March 31, 2002 and for further evaluation of the claimant's credibility. Tr. 92. On May 3, 2006, ALJ Barbara L. Perkins held a hearing pursuant to the Remand Order of the Appeals Council in which she heard testimony from Plaintiff and a VE. Tr. 400-510. On August 9, 2007, the ALJ issued a decision finding Plaintiff not disabled. Tr. 24. On August 29, 2007, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 19. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 7-10. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

## Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should

meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant

3

can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

### Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time at issue through her date last insured of March 31, 2002. Tr. 27. The ALJ found at step two that Plaintiff had the severe impairments of degenerative disc disease and degenerative joint disease of the lumbar spine and chronic low back pain. Tr. 27. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 28. At step four, the ALJ concluded that Plaintiff had the RFC to perform a limited range of sedentary work with the additional restriction that she is limited to jobs involving understanding, remembering, and carrying out simple job instructions and tasks due to the distracting effects of pain. Tr. 29. Given the RFC assessment, the ALJ found that Plaintiff could not perform her past relevant work as actually performed as a waitress/server. Tr. 33. At step five, the ALJ used the Medical-Vocational Rules as a framework to find that Plaintiff was not disabled. Tr. 34-36.

Plaintiff alleges the following: (1) the ALJ's findings in step five are unsupported by substantial evidence and is inconsistent with the Dictionary of Occupational Titles ("DOT"); (2) new and material evidence submitted to the Appeals Council is substantial evidence that should be considered in evaluating the ALJ's Decision for substantial evidence; and (3) the ALJ's pain/credibility assessment of Plaintiff is unsupported by substantial evidence and fails to apply the required legal analysis set forth under *Luna v. Bowen,* 831 F.2d 161 (10th Cir. 1987).

**Discussion**

**1. The ALJ's Step Five Findings**

At step five, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work with the additional restriction that she is "limited to jobs involving understanding, remembering, and carrying out simple job instructions and tasks due to the distracting effects of pain." Tr. 29.  In the ALJ's first hypothetical to the VE, she omitted the additional restriction set forth above, and, as a result, the VE testified that the hypothetical individual could perform the jobs of bill collector, switchboard operator, information and referral aide, credit information call out clerk, and telephone information clerk. Tr. 459-464. The ALJ then posed a follow-up hypothetical that included the additional restriction, and the VE testified that "Of the examples I gave you, that would eliminate everything except the switchboard operator." Tr. 464.

Contrary to this testimony, the ALJ found that the Plaintiff was not disabled because, even with the additional restriction, she would be able to "perform the requirements of representative sedentary, unskilled (SVP of 2) occupations such as a Credit Information Callout Clerk (D.O.T. Code 237.367.014) and a Telephone Information Clerk (D.O.T. Code 237.367-042)." Tr. 35. In the Response, Defendant concedes that the only job the VE identified that could be relied upon by the ALJ is the job of switchboard operator. Defendant claims, however, that the ALJ misunderstood the VE and that the misunderstanding was harmless error because the job of switchboard operator has a larger number of positions nationally than either of the two jobs the ALJ cited in her Decision. [Doc. 17, p. 8].

The Court cannot find harmless error under these circumstances.  The ALJ's reconciliation of the RFC finding and the Vocational Expert's testimony is the very heart of the opinion that this Court is asked to review.  While Defendant asks the Court to assume that the ALJ misunderstood

5

the VE's testimony, it seems equally possible to the Court that the ALJ erroneously stated her RFC finding. In any event, the application of the harmless error standard is limited in this type of proceeding. Case law provides that a "harmless error analysis '. . . may be appropriate to supply a *missing* dispositive finding . . . where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)) (emphasis supplied). The Court is not aware of any case law holding that a reviewing court could utilize harmless error analysis to *correct* an erroneous dispositive finding. Accordingly, this matter will be remanded to the ALJ for clarification of this issue[1].

Under step five, Plaintiff additionally contends that the ALJ failed to investigate the inconsistency between the VE's testimony as to the jobs Plaintiff could perform and the DOT's reasoning development skills for those jobs. Defendant did not address this argument in its Response.

In *Haddock v. Apfel*, the Tenth Circuit held:

> Before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point.

---

[1]The Court also notes that although the RFC stated that one of Plaintiff's limitations is "the ability to finger and feel on an *occasional* basis," Tr. 29, the VE testified that the job of switchboard operator requires *frequent* fingering. Tr. 488. (Emphasis added). This issue should also be addressed on remand.

196 F.3d 1084, 1087 (10th Cir. 1999).  In *Hackett v. Barnhart*, the Tenth Circuit clarified that its holding in *Haddock* was not limited to only discrepancies with respect to exertional limitations.  395 F.3d 1168, 1175 (10th Cir. 2005).  The Tenth Circuit stated:

> Whether the ALJ fulfilled his duties regarding any conflict between the DOT job descriptions and Plaintiff's nonexertional limitations is also controlled by *Haddock*. Likewise, Social Security Ruling 00-4p, which essentially codifies *Haddock*, requires a reasonable explanation for conflicts between a VE's testimony and the DOT relating to any "*occupational information.*"

*Id.* (Citation omitted). Furthermore, Social Security Ruling 00-4p "explicitly requires that the ALJ determine whether the expert's testimony deviates from the [DOT] and whether there is a reasonable explanation for any deviation." *Massachi v. Astrue,* 486 F.3d 1149, 1153 (9th Cir. 2007).[2]

Plaintiff contends that a review of the job descriptions in the DOT for each of the occupations identified by the VE reveals that the VE's testimony was inconsistent as to the "reasoning development" skills required for each of those jobs. Because Defendant concedes that switchboard operator was the only job the VE testified was viable for Plaintiff, that is the only job this Court will address. The reasoning development code for a switchboard operator is a "R3," which is level-three reasoning. The job requirements for level-three reasoning provide: "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." [Doc. 16-2]. Plaintiff argues that her restriction to jobs where she need only to understand,

---

[2]Social Security Ruling 00-4p provides in pertinent part:
When a VE or VS provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that VE or VS's evidence and information provided in the DOT.  In these instances, the adjudicator will:
>Ask the VE or VS if the evidence he or she has provided conflicts with information provided in the DOT; and
>If the VE's or VS's evidence appears to conflict with the DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict.

7

remember, and carry out simple job instructions and tasks is inconsistent with the "R3" job requirements and that her restriction is more in line with "R1" job requirements which provide: "[a]pply commonsense understanding to carry out simple one or two-step instructions." *Id.* Plaintiff contends, therefore, that the VE's testimony was inconsistent with the DOT and that the ALJ erred by not taking any testimony to resolve this conflict at the hearing.

In *Hackett v. Barnhart,* the Tenth Circuit stated that the limitation of "[m]entally, [Plaintiff] retains the attention, concentration, persistence and pace levels required for simple and routine work tasks" seemed to be inconsistent with the demands of level-three reasoning. *Id.* at 1176. (Citation omitted).[3] Accordingly, the Tenth Circuit remanded the case to "allow the ALJ to address the apparent conflict between Plaintiff's inability to perform more than simple and repetitive tasks and level-three reasoning required by the jobs identified as appropriate for her by the VE." *Id.*

As in *Hackett*, this Court believes that Plaintiff's restriction that she is "limited to jobs involving understanding, remembering, and carrying out simple job instructions and tasks due to the distracting effects of pain," Tr. 29, seems to be inconsistent with the demands of level-three reasoning set forth *supra*. The Court notes that Plaintiff's restriction to carrying out only simple job instructions and tasks may be more in line with the reasoning development description for level 1: "[a]pply commonsense understanding to carry out simple yet uninvolved one or two-step instructions." *See Hudman v. Astrue,* Civil No. 08-643 RLP (D.N.M. April 16, 2009) (where the Court remanded the case for the ALJ to address any discrepancy between the Decision and the DOT

---

[3]The Tenth Circuit stated that level-two reasoning appeared to be more consistent with Plaintiff's RFC. Level-two reasoning requires the worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instruction [and d]eal with problems involving a few concrete variables in or from standardized situation." *Id.* (Citation omitted).

8

and to obtain a reasonable explanation from the VE for any apparent conflict between the Plaintiff's restriction to carrying out only simple verbal and written instructions and level-three reasoning and stated that it appeared that Plaintiff's limitation was more in line with level-one reasoning.)

This Court's review of the transcript shows that the ALJ did not investigate the consistency between the VE's testimony as to the job requirements and any potential conflicts that testimony had with the DOT. The burden is on the ALJ at step five. The ALJ should have investigated and elicited a reasonable explanation from the VE for any inconsistencies between his testimony and the DOT. Because the ALJ failed to do so, the ALJ is directed to perform this duty on remand.

**2.  Remaining Alleged Errors by Plaintiff.**

Plaintiff also argues that new and material evidence submitted to the Appeals Council is substantial evidence that should be considered by this Court in evaluating the ALJ's Decision for substantial evidence and that the ALJ's pain/credibility assessment of Plaintiff is unsupported by substantial evidence and fails to apply the required legal analysis set forth under *Luna v. Bowen,* 831 F.2d 161 (10th Cir. 1987).

Subsequent to the issuance of the ALJ's decision, Plaintiff submitted additional medical and vocational evidence to the Appeals Council. Plaintiff argues that because the Appeals Council did not reject the additional evidence, it has been accepted and has become part of the record, and, accordingly, this Court should consider it when making its decision.  Defendant contends that the Court need not consider the evidence because the evidence is not material since it would not change the outcome of the case. This Court finds that it is unnecessary to reach the issue of whether it should consider the additional evidence because consideration of this evidence was unnecessary for the Court's determination that this case be remanded based on the ALJ's step five findings.

Regarding Plaintiff's credibility assessment, this Court declines to reach this issue because

the assessment may be affected by the ALJ's treatment of the case on remand, especially in light of the fact of the additional evidence submitted by Plaintiff. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

## Conclusion

For the foregoing reasons, this Court finds that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision is hereby granted and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**